IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JENNY POURCHOT and EMILY POURCHOT SHAFFER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. CIV-07-487-C |
| PHILLIP M. POURCHOT, individually and as Trustee of the Phillip M. Pourchot Children's irrevocable Trust u/t/a December 30, 1990, and as President and/or Chief Executive Officer of CENTRAL PLASTICS COMPANY, an Oklahoma corporation, and | ) ) ) ) ) ) ) ) | |
| CENTRAL PLASTICS COMPANY, an Oklahoma corporation, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiffs are the beneficiaries of a trust established by their paternal grandmother for their benefit. The trust's major asset appears to be stock in Central Plastics Company, a closely-held, family-owned business. Plaintiffs have sued their estranged father, Phillip M. Pourchot, for actions taken as the trustee of their trust and in his capacity as an officer of Central Plastics. Plaintiffs also assert a claim against Central Plastics for breach of fiduciary duty in failing to pay a $1,500 dividend to the trust in 1991.

Central Plastics has moved that the claim against it be dismissed, for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and for lack of jurisdiction under Rule 12(b)(1). Plaintiffs have filed a Response and Supplemental Response, to which

Central Plastics has replied.  Because the Court finds that Plaintiffs have failed to adequately allege jurisdiction against Central Plastics, the motion is granted on that ground.

### STANDARD

Rule 12(b)(1) permits a party to assert a lack of subject-matter jurisdiction defense by motion.  Jurisdiction in this case is based on 28 U.S.C. § 1332(a), which provides for original jurisdiction in civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  (See Dkt. No. 31, Amend. Compl. ¶ 4.)  When the sufficiency of the complaint's jurisdictional allegations are challenged, the motion is considered a facial attack.  Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995).  In such situations, the Court must accept the allegations in the complaint as true.  Id.

If a defendant challenges the allegations with respect to the amount in controversy requirement, the plaintiff must show, based on the allegations of the complaint or with evidence, that the claim does not appear to a "legal certainty" to be below the jurisdictional amount.  Woodmen of World Life Ins. Society v. Manganaro, 342 F.3d 1213, 1216 (10th Cir. 2003).

> The legal certainty standard is very strict. As a result, it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied.  14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3702, at 97-98 (1998).  There is a strong presumption favoring the amount alleged by the plaintiff. *See Adams [v. Reliance Standard Life Ins. Co.]*, 225 F.3d [1179,] 1183 [(10th Cir. 2000)] (noting that amount alleged in the complaint can alone be sufficient to satisfy showing that it is not legally certain the amount is less than the jurisdictional requirement); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994) ("The legal impossibility of recovery must be so certain as virtually to

negative the plaintiff's good faith in asserting the claim." (quotation omitted)). Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction. 14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3702, at 98-101 (1998).

Id. at 1216-17 (footnote omitted).

## DISCUSSION

In a diversity case like this one, where a single plaintiff has sued multiple defendants, the complaint must allege an amount in controversy in excess of the statutory minimum with respect to each defendant, *unless* the defendants are jointly liable for the plaintiff's injuries. Century Ins. Co. v. Mooney, 241 F.2d 910, 912 (10th Cir. 1957); see also Middle Tenn. News Co. v. Charnel of Cincinnati, Inc., 250 F.3d 1077, 1081 (7th Cir. 2001).

Contrary to the position taken by Plaintiffs, the Supreme Court's decision in Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005), regarding the federal supplemental jurisdiction statute, 28 U.S.C. § 1367, did not alter this long-standing rule. See State Farm Mut. Auto Ins. Co. v. Tz'Doko V'CHESED of Klausenberg, No. CIV.A. 06-3040, ___ F. Supp. 2d ___, 2008 WL 516724, at *6 n.6 (E.D. Pa. Feb. 26, 2008) (rejecting a similar argument). Section 1367 provides, in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.*

(b)   In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, *the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure*, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, *when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332*.

8 U.S.C. § 1367 (a) & (b) (emphasis added).   In <u>Exxon Mobil</u>, the Court held that § 1367 permitted a federal court in a diversity action to exercise supplemental jurisdiction over additional *plaintiffs* whose claims did not satisfy the minimum amount-in-controversy requirement, provided that all other elements of jurisdiction were present and the claims were part of the same case or controversy as the claims of at least one plaintiff who alleged a sufficient amount in controversy.   <u>Id.</u> at 549.   However, this holding was based on the text of the statute.   And the Court observed that the statute explicitly withheld supplemental jurisdiction over claims against *defendants* permissively joined under Federal Rule of Civil Procedure 20.   <u>Id.</u> at 560.

Central Plastics is such a defendant.   Rule 20(a) would permit it and Pourchot to be joined as defendants in this action if common questions of law or fact exist or because a right to relief is asserted against Central Plastics and Pourchot jointly, severally, or in the alternative.   (Of course, permissive joinder does not resolve the jurisdictional question.) Thus, the Court cannot assert supplemental jurisdiction over Plaintiffs' claim against Central Plastics.   Instead, the requirements of § 1332, including the amount-in-controversy, apply.

The claim asserted against Central Plastics in the Amended Complaint, whatever its characterization, is based on an alleged failure to pay $1,500 in dividends.  The Court does not consider other claims against Central Plastics that might be asserted but were not pled.  Because $1,500 clearly does not meet the amount in controversy threshold, jurisdiction will exist under § 1332 only if Central Plastics is potentially jointly liable with Pourchot for more than $73,500.

The claims against Pourchot in his capacity as an officer of Central Plastics are based on an alleged misuse of his position for personal gain and breach of his fiduciary duties.  Plaintiffs also allege that Central Plastics' failure to pay the dividends owed occurred while Pourchot was serving as the president or C.E.O. of the corporation.  (Amend. Compl., ¶ 19.)  In their Response, Plaintiffs go much further, suggesting that the facts could support a reverse piercing of the corporate veil and/or show that Central Plastics itself was somehow complicit in its officers' scheme to defraud Plaintiffs.  (Dkt. No. 52 at 6 & 8.)  The Court need not pass on these theories of joint liability because they are not supported by allegations in the Amended Complaint.

## CONCLUSION

Accordingly, there is no legal uncertainty with respect to the amount in controversy as between Plaintiffs and Central Plastics.  Because the claim asserted against Central Plastics is for less that the minimum amount required to support diversity jurisdiction, Central Plastics' Motion to Dismiss (Dkt. No. 40) is GRANTED.  Plaintiffs' claim against Central Plastics is, therefore, DISMISSED without prejudice.  Plaintiffs are GRANTED

leave to amend their complaint to include claims against Central Plastics supported with sufficient jurisdictional allegations.  Plaintiffs have until May 15, 2008, to file such an amended complaint.

IT IS SO ORDERED this 1st day of May, 2008.


ROBIN J. CAUTHRON
United States District Judge