IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNY POURCHOT and EMILY POURCHOT SHAFFER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. CIV-07-487-C<br>) |
| PHILLIP M. POURCHOT, individually and as Trustee of the Phillip M. Pourchot Children's irrevocable Trust u/t/a December 30, 1990, and as President and/or Chief Executive Officer of CENTRAL PLASTICS COMPANY, an Oklahoma corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION & ORDER**

Defendant Central Plastics has moved that the claims brought against it by Plaintiffs, beneficiaries of a trust that owns stock in the company, be dismissed. Plaintiffs' original claims against Central Plastics were dismissed in May 2008, for lack of subject matter jurisdiction. (Dkt. No. 87, Mem. Op. & Order.) In their subsequently-filed Second Amended Complaint (Dkt. No. 100), Plaintiffs allege that: (1) a Central Plastics agent "cooperated" with Defendant Phillip Pourchot, who was the trustee of Plaintiffs' trust as well as an officer, director, and control person of Central Plastics, to alter stock certificates and divert 7,000 shares from the trust (2d Am. Compl. ¶¶ 27, 29 & 46); (2) Central Plastics failed to pay the trust $1,500 in dividends in 1991 (id. ¶ 31); Central Plastics converted preferred stock to common stock in 1994, failing to take "due corporate actions" and rounding down the number of shares due to the trust, which ultimately deprived the trust of 1 share of stock and

dividend income (id. ¶¶ 35, 47 & 48; Central Plastics failed to take "due corporate actions" in modifying stock voting rights (id. ¶ 49); and Central Plastics attempted to buy-back the trust stock at less than par value in 2007 (id. ¶ 40b). Plaintiffs identify their causes of action against Central Plastics as breach of fiduciary and corporate duties, injurious *ultra vires* acts, conversion, and prima facie tort. (Id., Counts V-VIII.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move for the dismissal of a claim "for failure to state a claim upon which relief can be granted" before filing an answer to the complaint. On such a motion, the Court accepts as true all well-pleaded factual allegations and views them in the light most favorable to the plaintiffs. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007). A claim will be dismissed only if it is legally untenable or if "the complaint does not contain enough facts to state a claim to relief that is plausible on its face." See id. (citations and internal quotations omitted). Under the new plausibility standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

Although the statute of limitations is an affirmative defense, dismissal is appropriate when dates given in the complaint make clear that the right sued upon has been extinguished,

2

unless the plaintiffs have offered a factual basis for tolling the statute. Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

## DISCUSSION

In seeking dismissal of all claims against it, Central Plastics contends that it is not vicariously liable for the bad acts of its officers and directors; Plaintiffs' claims are barred by the statute of limitations; Plaintiffs fail to state a claim for relief for either *ultra vires* acts or prima facie tort; corporations do not owe shareholders fiduciary duties per se; and the Court again lacks subject matter jurisdiction because of an insufficient amount in controversy.

The Court agrees that Plaintiffs' claims against Central Plastics are subject to dismissal to the extent they are based strictly on shareholder injuries and unrelated to an alleged collaboration between the company and Pourchot to promote their interests at Plaintiffs' expense. Plaintiffs are correct that shareholders who have been deprived of stock or dividends may have a cause of action against the company, but in this case, those claims have long since expired because they were known by Pourchot as trustee.

> The trustee has a title (generally legal title) to the trust property, usually has its possession and a right to continue in possession, and almost always has all the powers of management and control which are necessary to make the trust property productive and safe. Any wrongful interference with these interests of the normal trustee is therefore a wrong to the trustee and gives him a cause of action for redress or to prevent a continuance of the improper conduct. Although the beneficiary is adversely affected by such acts of a third person, no cause of action inures to him on that account. The right to sue in the ordinary case vests in the trustee as a representative.
> . . . .
> In the absence of special circumstances, the beneficiary is not eligible to bring or enforce these causes of action which run to his trustee. Thus in the

> usual case he cannot sue a third person to recover possession of the trust property for himself or the trustee, or for damages for conversion of or injury to the trust property, or for the recovery of its income, or to compel an agent of the trustee to account, or to enjoin a threatened injury to trust property by a third person.

George Gleason Bogert et. al, The Law of Trusts and Trustees § 869 (2007) (footnotes omitted); see also In re Estate of Bleeker, 2007 OK 68, ¶¶ 13-14, 168 P.3d 774, 779-781 (discussing ability of a beneficiary to pursue claims on behalf of an estate when the personal representative refuses to act). Even when such special circumstances exist to permit beneficiaries to enforce a claim on behalf of the trust, they are often acting as temporary representatives of the trust and subject to the statute of limitations that would apply to a trustee-initiated action. Bogert, supra §§ 869 & 954.

Timeliness is not the only problem with Plaintiffs' shareholder versus corporation claims. Plaintiffs have not shown, and the Court is not aware of controlling authority, that a corporation stands in a fiduciary relationship with its shareholders. Plaintiffs' reliance on 18 Okla. Stat. § 1018 to redress alleged *ultra vires* acts by Central Plastics in 1991 and 1994 is likewise suspect. The statute refers to shareholder actions to enjoin a corporation from doing unauthorized acts. 18 Okla. Stat. § 1018(1). Here, the acts were completed years ago and were apparently consented to by Pourchot as trustee. See 7A William Meade Fletcher, Fletcher Cyclopedia of the Law of Corporations § 3543 (2007) (explaining that a shareholder cannot attack ultra vires acts where it has consented). Finally, 12 Okla. Stat. § 1, on which Plaintiffs base their prima facie tort claim, "imposes a legal duty upon each person, without contract, to abstain from injuring the person or property of another." Lowery v. Echostar

Satellite Corp., 2007 OK 38, ¶ 12 n.3, 160 P.3d 959, 964 n.3. Although this duty of care may be operative in negligence actions, it does not appear that Oklahoma would recognize a right of action for prima facie tort "outside the context of malicious injury to business or property interests." Merrick v. N. Natural Gas Co., 911 F.3d 436, 433 (10th Cir. 1990); but see Patel v. OMH Med. Ctr., 1999 OK 33, ¶ 4 n.2, 987 P.2d 1185, 1190 n.2 ("The expression 'prima facie tort' does not appear ever to have been recognized in Oklahoma."). Ultimately, it is unnecessary to consider these claims further because whatever causes of action the trust as a shareholder in Central Plastics (or Plaintiffs on behalf of the trust) might have had against the corporation for an independent injury, those claims are unquestionably stale.

     This is not to say that the Second Amended Complaint does not support plausible claims for relief against Central Plastics. The most prominent allegation of wrong-doing consists of Central Plastics' alleged participation in Pourchot's altering of stock certificates and diverting shares away from the trust. Plaintiffs allege that a separate agent of Central Plastics, not Pourchot, knowingly participated in his breach of trust when he or she recorded the transfers of stock. Central Plastics is liable for the actions of its agents, officers, and employees taken within the scope of their employment. Cf. N.H. v. Presbyterian Church, 1999 OK 88, ¶ 18, 998 P.2d 592, 599-600 (suggesting that an employer may be liable for the torts of its employees under the doctrine of *respondeat superior* if the employee was acting in the scope of his employment, meaning his acts were of the nature of those which he was hired to perform). For purposes of this motion, the Court will assume that the agent who

recorded the allegedly altered stock certificates was performing tasks within his or her official responsibilities.

Because Plaintiffs allege that Central Plastics participated in Pourchot's alleged self-dealing and breach of fiduciary duties as a trustee, they state a claim for relief that is not barred by the statute of limitations. Central Plastics, like any third party that participates in a trustee's breach of trust, is liable to the injured beneficiaries because of that participation. See Bogert, supra § 901 (2007).

> Just as every owner of a legal interest has the right that others shall not, without lawful excuse, interfere with his possession or enjoyment of the property or adversely affect its value, so the beneficiary, as equitable owner of the trust res has the right that third persons shall not knowingly join with the trustee in a breach of trust. One acting with a trustee in performing an act that such person knows or should know is a breach of trust becomes a participant in the breach and subject to liability for any damages that result or to restore the trust property traced to such person's possession.

Id.; see also 12A Okla. Stat. § 8-404(a)(4) (1995). When a third party has joined the trustee in committing a breach of trust, the beneficiaries may sue that entity and will be enforcing a cause of action belonging to them, not merely acting as representatives of the trustee. Bogert, supra § 955.

Generally, "[w]here a trustee mishandles the subject matter of a trust or where the actions taken by the trustee are self-concealing, a cause of action will not accrue until the trustee-instituted actions are discovered or until they could have been unearthed by the exercise of due diligence." Smith v. Baptist Found. of Okla., 2002 OK 57, ¶ 18, 50 P.3d 1132, 1142. Likewise, the statute of limitations on a claim against Central Plastics for its participation in Pourchot's alleged breach of trust does not run until the beneficiaries knew

or had reason to know that stock had been diverted. See Am. Nat'l Bank of Enid v. Crews, 191 Okla. 53, 126 P.2d 733, 742; Bogert, supra § 955. Because Plaintiffs asserted their claim against Central Plastics for its role in the alleged diversion of stock no more than a month after discovering correction fluid on certain stock certificates, their claim is timely.

Plaintiffs also complain that Central Plastics failed to pay a dividend, issue one share of stock, and follow proper procedures in converting preferred to common stock and altering voting rights. For most of these actions, the Second Amended Complaint is clear that they occurred in 1991 or 1994, more than a decade before this action was filed. Although there is no explicit allegation that Pourchot was personally responsible for calculating and paying dividends or calculating and issuing the converted stock or that he directed or conspired with another officer or agent of Central Plastics to do so in a manner that disadvantaged the trust, Plaintiffs allege that Pourchot was the president of Central Plastics, one of its two directors, and its majority shareholder. (2d Amend. Compl. ¶ 32.) A reasonable inference, when read in the context of the entire complaint, is that Plaintiffs are alleging that Pourchot either conspired with other Central Plastics agents or used his position in the company to directly harm the trust. Plaintiffs' allegations also suggest that Pourchot orchestrated or acquiesced in these acts to benefit Central Plastics, an entity in which he had a substantial interest. Because these claims can be construed in such a way as to avoid statute of limitations problems, they will not be dismissed. See Bogert, supra § 869 (explaining that the statute of limitations applicable to an action by the trustee applies absent some allegation that the trustee and the third party acted together and in bad faith); 14 James Lockhart, Causes of

Action § 411 (2007) ("If a trustee's actions constitute self-dealing because they are beneficial to an entity with which the trustee has a substantial interest, the entity may be liable to the extent that it was a participant in the transaction that involved self-dealing and had actual or constructive knowledge of its impropriety.")

Finally, as indicated above, Plaintiffs also contend that Central Plastics attempted to buy back its stock from the trust in 2007 for an unfairly low price.  Although a trustee owes a duty of loyalty to the beneficiaries, 60 Okla. Stat. § 175.65, and a third party is liable if it knowingly participates in a trustee's breach, it is not apparent how such conduct, if established, injured Plaintiffs.  Rather, Plaintiffs likely intend it as an additional allegation to show that Pourchot controlled Central Plastics and continually acted contrary to their interests as trust beneficiaries.  Because there is no apparent independent claim for relief based on this allegation, the Court does not consider it further in the context of Central Plastics' motion to dismiss.  See Grand State Prop., Inc. v. Woods, Fuller, Shultz,, & Smith, P.C., 556 N.W.2d 84 (S.D. 1996) (affirming summary judgment on breach of fiduciary duty claim because the plaintiff suffered no damages).

In conclusion, viable claims exist against Central Plastics for its alleged participation in Pourchot's alleged self-dealing and breaches of trust.  Its liability, if any, will depend in part on Pourchot's status as a control person and/or an agent's or agents' knowing participation in his alleged misdeeds as a trustee.  All other claims against Central Plastics would be time-barred (and could be pursed only against Pourchot directly in his capacity as

8

trustee). Finally, as construed herein, the remaining claims involve an amount in controversy above the jurisdictional limit.

## CONCLUSION

Defendant Central Plastics' Motion to Dismiss (Dkt. No. 112) is GRANTED in part and DENIED in part. Plaintiffs' claims against Central Plastics based on its alleged participation in Defendant Pourchot's alleged self-dealing and breaches of trust remain for trial. All other claims are DISMISSED with prejudice. Central Plastics is INSTRUCTED to file and serve its Answer to the Second Amended Complaint within five days of this order.

IT IS SO ORDERED this 24th day of July, 2008.

ROBIN J. CAUTHRON
United States District Judge