IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JENNY POURCHOT and<br>EMILY POURCHOT SHAFFER,<br><br>Plaintiffs,<br><br>v.<br><br>PHILLIP M. POURCHOT,<br>individually and as Trustee of<br>the Phillip M. Pourchot<br>Children's Irrevocable Trust u/t/a<br>December 30, 1990, and as<br>President and/or Chief Executive<br>Officer of CENTRAL<br>PLASTICS COMPANY, an<br>Oklahoma corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. CIV-07-487-C |

**FILED**

AUG 2 8 2008

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____, DEPUTY

## JURY INSTRUCTIONS

Instruction No. \_\_1\_\_

## OPENING

Members of the Jury, you have heard the evidence in this case and in a few minutes you will hear the arguments of counsel. It is now the duty of the Court to instruct you as to the law applicable to this case. You will be provided a written copy of these instructions for your use during deliberations.

You are the judges of the facts, the weight of the evidence, and the credibility of the witnesses. The weight of the evidence is not determined by the number of witnesses testifying on either side. In determining weight or credibility, you may consider the interest, if any, that a witness may have in the result of the trial; the relation of the witness to the parties; the bias or prejudice if any has been apparent; the candor, fairness, intelligence, and demeanor of the witness; the ability of the witness to remember and relate past occurrences; the witness's means of observation and the opportunity of knowing the

matters about which the witness has testified; the inherent probability or improbability of the testimony; and the extent to which the witness has been supported or contradicted by other credible evidence. From all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge that you each possess in common with other persons, you will reach your conclusions.

The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

It is my job to decide what rules of law apply to the case. All the applicable law is contained in these instructions. You must not follow some rules of law and ignore others. Even if you disagree with or do not understand the reason for a rule, you are bound to follow it.

Instruction No. 2

## BURDEN OF PROOF

The burden is upon the plaintiffs in a civil action such as this to prove every essential element of each claim by a preponderance of the evidence to prevail on that claim. If the proof should fail to establish any essential element of a claim by a preponderance of the evidence, the jury should find for the defendant.

To "establish by preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who

may have called them, and all exhibits received into evidence, regardless of who may have produced them.

Instruction No. 3

## OPINION EVIDENCE – EXPERT WITNESS

Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matters in which they profess to be expert and may also state their reasons for the opinion.

You should consider each expert opinion and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

Instruction No. 4

## GENERAL DUTIES AND OBLIGATIONS OF A TRUSTEE

A trustee is a fiduciary of the highest order in whom the hope and confidence of the person establishing the trust are placed with the expectation that the trustee will exercise the obligations of the office for the exclusive benefit of those holding beneficial interests. Without exception, a trustee owes the trust beneficiaries the most abundant good faith, absolute and perfect candor, as well as openness and honesty.

Unless the trust agreement provides otherwise, a trustee has a duty to administer the trust solely in the interests of the beneficiaries. In addition, unless implicitly or explicitly authorized by the terms of the trust agreement, a trustee is prohibited from engaging in transactions that involve self-dealing, as occurs when the transaction promotes the trustee's personal interests and not those of the trust or beneficiaries. A trustee has a duty to deal fairly with and to

communicate to the beneficiaries all material facts the trustee knows or should know in connection with the transaction.

A trustee has a duty to maintain clear, complete, and accurate books and records regarding the trust property and the administration of the trust and to provide the beneficiaries with reports or accountings at reasonable intervals. A trustee may not commingle trust funds unless authorized by the trust agreement.

A trustee is also required to invest and manage trust assets solely in the interest of the beneficiaries. Generally, he must invest and manage trust assets prudently, as is described in more detail in later instructions.

Remember that these are simply general statements about a trustee's duties and obligations. You must evaluate Plaintiffs' claims according to the specific elements set out in the following breach of trust instruction and in the context of the circumstances that you find existed at the time.

Instruction No. __5__

## BREACH OF TRUST

A breach of trust occurs when a trustee breaches a fiduciary duty owed to the trust beneficiaries or where a trustee violates the terms of the trust agreement. Plaintiffs claim that Defendant Pourchot took trust assets for himself; agreed to the 1994 conversion of preferred Central Plastics stock to common stock and change in voting rights to benefit himself and Central Plastics; failed to communicate with them and provide accountings; and failed to use trust funds to pay Plaintiffs' college expenses. Plaintiffs also argue that Defendant Pourchot committed breaches of trust by mismanaging trust assets. Specifically, Plaintiffs contend that, from 1998 on, Defendant Pourchot invested trust funds in risky, poor-performing individual stocks; allowed trust funds to be held in non-interest bearing accounts; and commingled funds and failed to identify trust funds.

Instruction No. 6

## PRUDENT INVESTOR STANDARD

A trustee's investments and management of trust assets are judged under a prudent investor standard by considering the purposes, terms, distribution requirements, and other circumstances of the trust. The trustee must exercise reasonable care, skill, and caution.

A trustee's investment and management decisions must be evaluated in the context of the trust portfolio as a whole and as a part of an overall investment strategy having risk and return objectives reasonably suited to the trust.

A trustee must consider all of the relevant factors in investing and managing trust assets including:

(1) general economic conditions;

(2) the possible effect of inflation or deflation;

(3) the expected tax consequences of investment decisions or strategies;

To find Defendant Pourchot liable for breach or breaches of trust, you must first find by a preponderance of the evidence that he:

(1)  did one or more of these things, or took other actions

(2)  that violated a duty a trustee owes trust beneficiaries or violated the terms of the trust agreement;

(3)  that this was done intentionally or because he failed to act with the proper care and caution required of a trustee; and

(4)  that the trust or beneficiaries suffered a financial loss as a result.

Instruction No. ___7___

## TRUSTEE'S DISCRETION

A trust agreement may authorize a trustee to exercise discretion. That discretion must be exercised honestly, fairly, and reasonably to accomplish the purpose of the trust.

Instruction No. __8__

## DAMAGES

If you find that Plaintiffs have proved their claims against Defendant Pourchot for breach of trust by a preponderance of the evidence, then you must determine the damages to which they are entitled. The fact that I instruct you on damages should not be taken by you as indicating one way or another whether Plaintiffs are entitled to recover anything. This is entirely for you to decide.

In determining the amount of any damages that you may decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiffs prove the amount of their losses with mathematical precision but only with as much definiteness and accuracy as circumstances permit.

If you award damages, you are not to award any damages for any loss or injury that Plaintiffs may have suffered unless it has been established by a preponderance of the evidence that the loss or injury was caused by a defendant's actions. The measure of damages is the amount that will compensate Plaintiffs for all detriment proximately caused by a breach of trust or fiduciary duty, whether it could have been anticipated or not.

You may consider, if appropriate based on your determination of whether and how Defendant Pourchot breached a duty owed to Plaintiffs, the following: ~~loss of value of lost or converted dividends;~~ ~~loss of value in unrealized dividends;~~ loss of value in unrealized investment income; and ~~lost interest on investments and deposited funds.~~ You may not count these or any other losses more than once in calculating a damages award. You are instructed that the parties have stipulated that Plaintiffs have received $628,122.79 from the sale of

their Central Plastics stock. You may not award that amount to them as damages.

You are instructed that any finding that there was a breach of trust based on Plaintiffs' claim that the trustee took Central Plastics preferred stock is limited to a claim that 1,250 shares of preferred stock was taken from the trust in 1992.

Instruction No. ___9___

## PUNITIVE DAMAGES–FIRST STAGE

If you find by a preponderance of the evidence that Defendant Pourchot committed a breach of trust in his capacity as trustee and award Plaintiffs actual damages, then you must also decide by a separate verdict whether Defendant Pourchot acted in reckless disregard of Plaintiffs' rights as trust beneficiaries and/or intentionally and with malice towards them.

Plaintiffs have the burden of proving this by clear and convincing evidence. By that I mean that you must be persuaded, considering all of the evidence in the case, that it is highly probable and free from serious doubt that any breach of trust by Defendant Pourchot was done with either reckless disregard or intentionally and with malice.

Defendant Pourchot's conduct was in reckless disregard of Plaintiffs' rights if he was either aware, or did not care, that there was a substantial and unnecessary risk that his conduct would cause serious

financial loss to the trust. In order for the conduct to be in reckless disregard of Plaintiffs' rights, it must have been unreasonable under the circumstances and there must have been a high probability that the conduct would cause serious harm to Plaintiffs.

Malice involves either hatred, spite, or ill will, or else the doing of a wrongful act intentionally without just cause or excuse.

If you find that Defendant Pourchot acted in reckless disregard of Plaintiffs' rights or intentionally and with malice towards them, you may award punitive damages against him in a later part of this trial. If you find that Defendant Pourchot was in breach of trust but did not act in reckless disregard of Plaintiffs' rights or intentionally and with malice towards them, you may not award punitive damages against him.

Instruction No. _10_

## CLOSING

When you retire you should elect one person as your presiding juror. That person will preside over the deliberations and speak for you with the Court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Each of you must decide the case for yourself, but should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be–that is entirely for you to decide. You must not use any method of chance in arriving at your verdict, nor let sympathy or prejudice affect the outcome.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply

because other jurors think it is right. ~~Two different~~ One verdict forms will be sent to the jury room with you, along with these written instructions. I suggest that you study the verdict forms early in your deliberations so you know what you must decide. All of you must agree on a verdict when you do, the presiding juror will sign the verdict forms. Notify the bailiff when you have arrived at a verdict so that you may return it to open court.

In a few moments, you will go with the bailiff to the jury room to begin your deliberations. If any of you have cell phones or similar devices with you, you are instructed to be sure they are turned off and then turn them over to the bailiff as you enter the jury deliberation room. They will be held by the bailiff for you and returned to you after your deliberations are completed and during any lunch break or similar period when you are not deliberating. The purpose of this requirement is to avoid any interruption or distraction during your

deliberations and to avoid any question of outside contact with the jury during your deliberations.

No member of the jury should ever attempt to communicate with me except by a signed writing. If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff signed by your presiding juror. In the message do not tell me how you stand on your verdict.

*[Signature]* 8/28/08
ROBIN J. CAUTHRON
UNITED STATES DISTRICT JUDGE